FREY *v.* COMMON COUNCIL OF THE CITY OF JACKSON.

INTOXICATING LIQUORS—MANDAMUS—LICENSE—ORDINANCES.

Whether an ordinance of the city of Jackson limiting the number of saloons to one for every thousand inhabitants was valid need not be determined where a larger number of applications than could be granted under the general liquor law (Act No. 291, Pub. Acts 1909) was filed with the clerk of the city of Jackson, for the common council was entitled to determine which application should be rejected, and one of the applicants could not compel the council by proceedings in mandamus to approve his application, which was rejected because of the character of the relator's business and of his customers.

Certiorari to Jackson; Parkinson, J. Submitted June 27, 1911. (Calendar No. 24,654.) Decided October 2, 1911.

Mandamus by Edward Frey against the common council of the city of Jackson to compel respondent to grant relator's application for a license to engage in the retail liquor trade. An order denying the writ is reviewed by relator on certiorari. Affirmed.

*Frank L. Blackman,* for relator.

*John F. Henigan,* for respondent.

MOORE, J. The relator applied to respondent for a license to keep a saloon, and his application was refused. The relator then asked the circuit court of Jackson county to issue a writ of mandamus to the common council of the city of Jackson, "requiring said common council to meet within a reasonable time for the purpose of considering and acting upon said application, and, if the same is in due form, to approve said application." The mandamus was denied. The case is brought to this court by certiorari.

The record discloses that Jackson was a local-option county from the spring of 1909 until the spring of 1911. The relator's petition shows that on April 5, 1911, he filed an application for a license to carry on the saloon business at Jackson, selling intoxicating liquors at retail; that there were 65 applicants; that on the 6th of April an ordinance was passed, taking effect April 26th, limiting the number of saloons in Jackson to 31.

"Your petitioner further shows that he is informed and believes that his application for a retail liquor dealer's license was rejected solely because of the passage of the said ordinance."

The petitioner claims the ordinance is invalid.

In the return of the respondent, it is claimed the ordinance is valid, but it is denied that the sole reason for rejecting relator's petition was because of the passage of the ordinance. It is returned:

" In answer to paragraph 12, this respondent denies that relator's application for a retail dealer's license was rejected solely because of the passage of the said ordinance, and this respondent says in this connection that the fact with reference to the rejection by it of relator's application is as follows: That prior to April 15, 1911—that is to say, on or before April 15, 1911—there had been filed with the city recorder of the city of Jackson 65 applications for retail liquor licenses in the city of Jackson."

That Jackson had a population at the last census of 31,433, and that the maximum number of saloons for which licenses could be issued was 62; that respondent consulted with the chief of police, and—

" Did this in good faith, with a desire to be fair with each of the applicants, and that it was informed at the time; which information it believes to be true, and advised by the police commissioners and chief of police, that the place of business theretofore conducted by relator for two years previous was a place of assemblage for disreputable and intoxicated people; that there had been fighting in his place, and that it was a place of resort for bums and toughs, and people who are in the habit of getting intox-

icated; and that to some extent this information and these facts swayed this respondent in refusing the application."

Upon this record we think it unnecessary to decide whether the ordinance is valid.   If it is valid, relator has no standing in court.   If the general liquor law was in force, so that relator was entitled to file his application for a license and have it passed upon, then the respondent had the right, as the number of applicants exceeded the maximum number to whom licenses might be issued, to determine which of the applications should be granted. Section 39, Act No. 291, Pub. Acts 1909.

The order of the circuit court, denying the writ of mandamus, is affirmed, with costs.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.